UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

K.M., parent, on behalf of B.M., a minor child,

                Plaintiffs,

    -against-

NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., SECTION IV of NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., MARYELLEN ELIA, in her official capacity as COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK

                Defendants

6:17-cv-06310 (EAW) (JWF)

**FIRST AMENDED COMPLAINT**

## PRELIMINARY STATEMENT

1. Plaintiff K.M. brings this action on behalf of B.M., a high school student with disabilities, who will not be able to play basketball during his final year in high school because the Defendants have refused to make reasonable modifications to the athletic eligibility regulations.

2. Defendants failure to provide any process for considering and granting a reasonable accommodation of extended athletic eligibility for students with disabilities violates the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12132 *et seq.* and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794(a) *et seq.*

## JURSIDICTION

3. This is an action for declaratory and injunctive relief pursuant to Title II of the ADA and Section 504.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has jurisdiction to issue declaratory relief pursuant to 28 U.S. §§ 2201 and 2202.

## VENUE

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## PARTIES

7. Plaintiff is a resident of Horseheads, New York.

8. Defendant New York State Public High School Athletic Association, Inc. ("NYSPHSAA") is a not-for-profit educational service organization.

9. Defendant NYSPHSAA is located at 8 Airport Park Boulevard, Latham, NY 12110.

10. Defendant NYSPHSAA oversees high school athletics, including eligibility determinations, in New York State.

11. Defendant Section IV of NYSPHSAA, Inc. ("Section IV") is a not-for-profit service organization associated with Defendant NYSPHSAA.

12. Defendant Section IV is located at 43 Pearl Street West, Suite 1, Sidney, NY 13838.

13. Defendant Section IV oversees high school athletics for Horseheads Central School District.

14. Defendant MaryEllen Elia, in her official capacity as Commissioner of Education of the State of New York ("Commissioner Elia"), has an office located at the New York State Department of Education at 89 Washington Avenue, Albany, NY 12234.

## STATEMENT OF FACTS

15. Plaintiff began 9th grade in September 2013 at Horseheads High School in Horseheads Central School District ("Plaintiff's School District").

16. Plaintiff has chronic complex migraine headaches.

17. Plaintiff has patent foramen ovale.

18. Plaintiff has Factor V Leiden.

19. Both patent foramen ovale, which is a small hole in the heart, and Factor V Leiden, a blood clotting disorder, may lead to deoxygenated blood or small blood clots, and may trigger Plaintiff's migraines.

20. Plaintiff has postural orthostatic tachycardia syndrome ("POTS").

21. POTS is a disorder that creates chronic difficultly standing upright due to lightheadedness and other symptoms associated with reduced blood flow to the brain.

22. Due to his disabilities, Plaintiff currently attends high school classes in the afternoon only, a scheduling accommodation which took effect during the 2015-2016 school year

23. During the 2014-2015 school year, Plaintiff attempted to carry a full academic course load of 7.5 credits.

24. Due to Plaintiff's disabilities, he was placed on homebound instruction in February 2015.

25. Despite receiving homebound instruction, tutoring, extended deadlines, online courses and credit by examination, Plaintiff completed only 5 of 7.5 possible credits during the 2014-2015 school year.

26. During the 2015-2016 school year, Plaintiff only completed 4 of 7 possible credits despite receiving tutoring and extended deadlines.

27. When Plaintiff entered high school, he was expected to graduate in June 2017, after completing the standard four year high school term.

28. Plaintiff's disabilities, and resulting modified schedule, have reduced the number of courses he has completed each semester.

29. Plaintiff must attend high school for a fifth year in order to earn his diploma.

30. Plaintiff received notice on July 18, 2016, that he had not met the requirements to be promoted to 12th grade.

31. Plaintiff was in his second year of 11th grade during the 2016-2017 academic year.

32. As of summer 2016, Plaintiff knew he would not graduate in June 2017 as he originally anticipated.

33. As of summer 2016, Plaintiff knew he would attend a fifth year of high school during the 2017-2018 academic year.

34. Plaintiff will turn 18 years old during the 2017-2018 academic year.

**Participation in High School Athletics**

35. Plaintiff has participated in competitive high school basketball, a contact sport, each school year since he began high school in September 2013.

36. Plaintiff's disabilities have led to frequent or prolonged absences from school, which resulted in infrequent participation in competitive basketball practices and games.

37. During his sophomore year, Plaintiff played a total of 8 minutes in the team's competitive basketball games.

38. During his second junior year, Plaintiff averaged approximately one quarter of play in each of the team's competitive basketball games.

39. During his second junior year, Plaintiff was ineligible to play basketball approximately a third of the season due to absences from school.

40. Participating in school athletics encourages and motivates Plaintiff to attend school and work toward his high school diploma despite the obstacles posed by his disabilities.

41. Plaintiff wants to participate in basketball, a contact sport under the regulations, during the 2017-2018 school year.

**Extended Eligibility Standards**

42. Defendant NYSPHAA's Bylaws and Eligibility Standards, which incorporate the Regulations of Defendant Commissioner Elia and are utilized by Defendant Section IV, contain a narrow exception for students with disabilities who wish to participate in non-contact sports during a fifth year of high school.

43. Basketball is a contact sport, and the narrow exception in the by-laws is therefore inapplicable to Plaintiff.

44. Plaintiff is also ineligible for extended athletic eligibility through waiver of the four-year limitation under the standard athletic eligibility rules regulating years of competition permitted for contact sports.

45. The Bylaws and Eligibility Standards state that a student "shall be eligible for senior high school athletic competition in a sport during each of four consecutive seasons of such sport commencing with the [student's] entry into the ninth grade and prior to graduation…."

46. The purpose of the four year eligibility limitation is to prevent "red-shirting," a practice by which a coach keeps a student athlete out of competition for a year in order to further

develop that student's skills and/or physical prowess while extending his or her eligibility period.

47. Plaintiff seeks extended athletic eligibility due to his disabilities, not for "red shirting."

48. Defendant NYSPHAA's Bylaws and Eligibility Standards state that a student may extend his or her eligibility if the student did not participate in a season of athletics because of illness or accident beyond the control of the student.

49. The regulations require that "as a direct result of the illness or accident, the [student] will be required to attend school for one or more additional semesters in order to graduate."

50. Plaintiff's disabilities will likely require him to attend school for at least an additional two semesters in order to graduate.

51. Plaintiff was a member of athletic teams for four consecutive seasons, but his disability severely limited his ability to consistently participate.

52. Plaintiff is excluded from extended eligibility for contact sports under the regulations, despite his disability having greatly limited his participation during four consecutive seasons.

**Request for Extended Eligibility**

53. On June 15, 2016, Plaintiff's School District submitted a standard application for extended eligibility on Plaintiff's behalf to Defendant Section IV.

54. Defendant Section IV refused to consider Plaintiff's application because he had not yet completed four years of high school.

55. Defendant Section IV advised Plaintiff's School District that "a student may not be considered for extended eligibility until they complete senior year, and do not graduate with their cohort."

56. Defendant Section IV refused to consider Plaintiff's application even though Plaintiff's School District provided verification and documentation that Plaintiff would not graduate with his cohort.

57. Defendant Section IV advised Plaintiff's School District that Plaintiff's application would likely be denied in the future because "he will exhaust his four years of eligibility with the 2016-2017 school year."

58. No exception exists to the athletic eligibility rules that would provide extended eligibility for contact sports to students with disabilities who require more than four years of high school due to their disabilities.

59. Plaintiff requested extended athletic eligibility for contact athletics as a reasonable modification under the ADA.

60. Plaintiff has received no response to this reasonable modification request.

61. On or about April 24, 2017, Plaintiff's School District submitted a second standard application for extended eligibility on Plaintiff's behalf, which included a request for reasonable accommodation under the ADA on behalf of Plaintiff.

62. On July 20, 2017, Defendant Section IV denied Plaintiff's School District's request for extended eligibility for basketball and lacrosse for the 2017-2018 school year.

63. Defendant Section IV's decision did not address nor acknowledge Plaintiff's request for reasonable accommodation under the ADA.

64. On August 7, 2017, Mr. Conklin wrote a letter of appeal to Defendant Section IV and explicitly requested a reasonable modification of the eligibility rules in order to accommodate B.M.'s disability.

65. On August 14, 2017, Mr. Conklin received notice that the Appeals Committee for Defendant Section IV had affirmed the decision to deny extended eligibility for B.M.

66. Defendant Section IV, again, did not address nor acknowledge Plaintiff's request for reasonable accommodation under the ADA.

67. Defendant Section IV has stated that it has no authority to amend any rules or policies regarding extended eligibility.

68. Defendant NYSPHAA has stated it has no authority to amend or alter the eligibility standards.

69. In its Decisions, the Commissioner of Education has repeatedly and consistently held that "an appeal to the Commissioner is not the proper forum in which to raise alleged violations of the ADA."

70. Each Defendant has denied responsibility for conducting the required analysis under the ADA, and for making a determination regarding Plaintiff's reasonable accommodation request.

71. Plaintiff has been denied and will continue to be denied the privilege of participating in contact sports during his fifth year of high school because of his disabilities, despite having been unable to participate for much of the previous four years.

72. Delay in addressing Plaintiff's claims would render him unable to participate in contact athletic competition during his senior year of high school.

73. The deprivation of participation in contact athletic competition during Plaintiff's senior year of high school is a type of injury that cannot be adequately remedied by damages because Plaintiff would permanently lose the opportunity to participate.

74. Plaintiff's claims are of public importance and relate to a concern of public interest that is likely to recur, as many students with disabilities would benefit from extended contact athletic eligibility.

## FIRST CLAIM FOR RELIEF
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT

75. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

76. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

77. A "public entity" includes public schools, and those to whom they delegate their authority. 42 U.S.C. § 12131.

78. Defendants NYSPHAA and Section IV have been delegated the authority to govern school athletics by public schools and thus are public entities under the ADA.

79. Defendant Commissioner Elia, in her official capacity, represents the Department of Education of the State of New York, which is a public entity under the ADA.

80. Athletics, including contact athletics, are part of the "services, programs, or activities" of public schools. 42 U.S.C. § 12132.

81. Title II of the ADA and its implementing regulations specify that public entities are required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability…" 28 C.F.R. § 35.130(b)(7)(i).

82. Extended contact sport athletic eligibility for students with disabilities, like Plaintiff, whose disabilities necessitates a fifth year of high school, is a reasonable modification of the existing rules under the ADA because it does not frustrate the purpose of the four year eligibility standard.

83. Defendants have discriminated and continue to discriminate against Plaintiff by refusing to grant his request for reasonable modification of the athletic eligibility rules.

84. Defendants have discriminated and continue to discriminate against Plaintiff by denying him participation in an activity of a public entity because of his disabilities.

85. Defendants' conduct is a present and ongoing violation of Title II of the ADA.

## SECOND CLAIM FOR RELIEF
## SECTION 504 OF THE REHABILITATION ACT OF 1973

86. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

87. Section 504 provides that "no otherwise qualified individual with a disability in the United States…shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a).

88. Defendants receive federal financial assistance.

89. Athletics, including contact athletics, are programs and activities of public schools.

90. Extended contact sport athletic eligibility for students with disabilities, like Plaintiff, whose disabilities necessitates a fifth year of high school, is a reasonable modification of the existing rules under Section 504 because it does not frustrate the purpose of the four year eligibility standard.

91. Defendants have discriminated and continue to discriminate against Plaintiff by refusing to grant his request for reasonable modification of their athletic eligibility rules.

92. Defendants have discriminated and continue to discriminate against Plaintiff by denying him participation in a federally funded program or activity because of his disabilities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as set forth below:

1. Issue a declaratory judgment that Defendants' policies, procedures, and practices have subjected and continue to subject Plaintiff to discrimination in violation of Title II of the ADA and Section 504;

2. Order Defendants to promptly grant Plaintiff extended athletic eligibility for the remainder of his high school attendance;

3. Order Defendant Commissioner Elia to promptly promulgate an emergency regulation by which students with disabilities who, because of their disabilities, must attend high school for more than four years may request extended athletic eligibility;

4. An award of reasonable attorneys' fees and costs; and

5. Such other further relief as the Court deems just and proper.

Dated: September 15, 2017
Rochester, New York

By: /S/ Jessica Barlow\_\_\_\_

SIMEON GOLDMAN

JESSICA BARLOW

DISABILITY RIGHTS NEW YORK
Attorneys for Plaintiffs

44 Exchange Blvd, Suite 110
Rochester, New York 14614
Phone:  518 512 - 4841
Fax:  585-348-9823